**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| T.D.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | **Civil Action No. 25-18155 (SRC)**<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on appeal by Plaintiff T.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act ("Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be **VACATED and REMANDED.**

## I. BACKGROUND

In brief, this appeal arises from Plaintiff's application for benefits, alleging disability beginning January 29, 2023. A hearing was held before Administrative Law Judge Karen Shelton (the "ALJ") on September 10, 2024, and the ALJ issued an unfavorable decision on November 27, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review on October 6, 2025, the ALJ's decision became the

Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of November 27, 2024, the ALJ found that, at Step One, Plaintiff had not engaged in substantial gainful activity since the onset date of January 29, 2023. Tr. 23. At Step Two, the ALJ found Plaintiff had severe impairments of: lumbar spine foraminal stenosis, major depressive disorder, generalized anxiety disorder and post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c)). *Id.* at 24. At Step Three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). *Id.* At Step Four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except he is able to stand and walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; and lift and carry 20 pounds occasionally and 10 pounds frequently. *Id.* at 26. The ALJ further found that the claimant can occasionally frequently climb ramps and stairs, occasionally climb ladders, ropes and scaffolds, and can frequently balance, stoop, kneel, crouch and crawl. *Id.* The ALJ also found that he is able to understand, remember, and carry out simple, repetitive tasks in a routine environment with few changes and can work for two hours before needing a standard 15-minute break. *Id.* The ALJ further concluded that claimant is unable to perform any past relevant work (20 CFR 404.1565). *Id.* at 33. At Step Five, the ALJ determined that Plaintiff could perform a significant number of jobs existing in the national economy. *Id*. Accordingly, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Act. *Id.* at 34.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded because: (1) the ALJ failed to resolve a conflict between the Vocational Expert's

(the "VE") testimony and the Dictionary of Occupational Titles (DOT); (2) the ALJ failed to either adopt or reject and explain her reasons for rejecting mental limitations offered by medical sources whose opinions she found persuasive; and (3) the Social Security Administration cannot rely upon EM-21065 REV to completely prohibit any consideration of reasoning level which is part of the DOT.

## II. LEGAL STANDARD

As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.* In such a case, "the claimant has the 'burden' of showing that an error was harmful." *Id.* at 410. Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

## III. LEGAL ANALYSIS

Plaintiff argues that remand is required because the ALJ failed to resolve a conflict between the VE's testimony and the DOT as to whether Plaintiff could perform the reasoning level 3

occupations adopted by the ALJ. Pl.'s Br. at 3. Plaintiff argues that there was a conflict between the vocational evidence as to whether claimant could perform the occupations adopted by the ALJ with the limitations adopted by the same because the ALJ found that claimant could understand, remember, and carry out only simple, repetitive instructions but that the occupations identified as fitting for the claimant are reasoning level 3. *Id.* at 4. Defendant responds that under Third Circuit precedent, there is no per se conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work, and that Plaintiff has not argued that he was incapable of performing a reasoning level 3 job. Def.'s Br. at 6-7.

Under SSR 00-4p[1], "before relying on VE or VS evidence to support a disability determination or decision, our adjudicator must: (1) Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), and (2) explain in the determination or decision how any conflict that has been identified was resolved." SSR 00-4p. "An adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information." *Id.*

The ALJ's determination reads as follows:

> In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either

1 The agency recently issued a new Social Security Ruling that rescinds and replaces SSR 00-4p and applies to determinations or decisions dated on or after January 6, 2025. *See* SSR 24-3p, 89 Fed. Reg. 97,158, available at 2024 WL 498840. Because the ALJ decision at issue here predates the new ruling's effective date, the new ruling does not apply to this case.

"disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).

If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.11. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as:

| **Job Title** | **DOT Number** | **Exertional Level** | **Skill Level** | **Approximate Number of Jobs Nationally** |
|---|---|---|---|---|
| Cashier | 211.462.010 | Light | SVP 2 | 580,000 |
| Rental clerk | 295.357-026 | Light | SVP 2 | 65,200 |
| Laundry worker | 302.685-010 | Light | SVP 2 | 21,200 |

Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles, as well as the vocational expert's professional experience and training.

Based on consideration of the entire evidence, including the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and

> residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

Tr. 33-34.

Plaintiff asserts he cannot perform reasoning level 3 occupations because the RFC limits him to understanding, remembering, and carrying out simple, repetitive tasks in a routine environment with few changes.

The Third Circuit has made clear that the Social Security Administration relies on the DOT as a primary source of occupational information and that conflicts between vocational expert testimony and the DOT must be addressed. As the Court of Appeals explained:

> "The Social Security Administration has taken administrative notice of the reliability of the job information contained in the Dictionary of Occupational Titles… and often relies upon it at steps four and five of the evaluation process… Burns argues that the vocational expert's testimony… was inconsistent with the DOT in several respects, and that any inconsistencies should have been explained by the vocational expert as well as by the ALJ in his decision. We agree."

*Burns v. Barnhart*, 312 F.3d 113, 126 (3d Cir. 2002).

In subsequent decisions, the Third Circuit further examined how such conflicts should be treated. In *Boone v. Barnhart*, the Court recognized differing approaches among the circuits and explained that where a conflict between VE testimony and the DOT exists and remains unexplained, "we do not adopt a general rule that an unexplained conflict between a VE's testimony and the DOT *necessarily* requires reversal." 353 F.3d 203, 206 (3d Cir. 2003). Instead, the Third Circuit examined the record to determine whether the VE's testimony constituted substantial evidence in support of the Step Five determination, or whether there was

other supporting substantial evidence elsewhere in the record. Id. at 209-211. Thus, pursuant to *Boone*, this Court must determine whether the VE's testimony constitutes substantial evidence in support of the Step Five determination, or whether there is other supporting substantial evidence elsewhere in the record.

The Third Circuit further developed this framework in *Zirnsak v. Colvin*[2], which synthesized the governing principles. 777 F.3d 607, 616-17 (3d Cir. 2014). The Third Circuit explained:

> As a general rule, occupational evidence provided by a VE should be consistent with the occupational evidence presented in the DOT. To ensure consistency, ALJs must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs … and information in the [DOT]." Specifically, an ALJ is required to (1) ask, on the record, whether the VE's testimony is consistent with the DOT, (2) "elicit a reasonable explanation" where an inconsistency appears, and (3) explain in the decision "how the conflict was resolved." However, "the presence of inconsistencies does not mandate remand, so long as 'substantial evidence exists in other portions of the record that can form an appropriate basis to support the result.'"

*Zirnsak*, 777 F.3d 616-617.

The *Zirnsak* court reiterated that the existence of an inconsistency between VE testimony and the DOT does not mandate remand in every case. *Id.* at 617. Instead, the relevant inquiry is whether "substantial evidence exists in other portions of the record that can form an appropriate basis to support the result." *Id.* (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 557 (3d Cir. 2005)).

---

[2] Although *Zirnsak* appears in the Federal Reporter, which generally publishes precedential opinions, the decision itself is expressly designated as "not precedential." *See Zirnsak v. Colvin*, 777 F.3d 607 (3d Cir. 2014). Under Third Circuit Internal Operating Procedure 5.7, such opinions are not binding precedent, though they may be considered for their persuasive value.

The Third Circuit cases discussed thus instruct this Court to examine whether, notwithstanding any potential conflict between the VE's testimony and the DOT, substantial evidence elsewhere in the record supports the ALJ's Step Five determination. The Commissioner's opposition brief acknowledges that this is the standard that this Court must apply here, quoting *Zirnsak*: "a court should determine whether 'the record establishe[s] that the claimant in question [can] perform a level 3 reasoning job, despite a limitation to simple work.'" (Def.'s Br. at 6, quoting *Zirnsak*, 777 F.3d at 618.) The problem for the Commissioner is that, after acknowledging this legal standard, the opposition brief fails to point to specific evidence of record that establishes what the law requires. In fact, the opposition brief discussion that follows the acknowledgement of the legal standard cites no specific evidence of record that establishes that the claimant can perform a reasoning level 3 job.

Instead, the Commissioner's opposition brief argues that there is no inherent conflict between a level three reasoning job and a limitation to simple work. This point, however, does not constitute substantial evidence of record that Plaintiff can perform reasoning level 3 occupations. Furthermore, at step five, the Commissioner bears the burden of proof:

> At step five, the burden of proof shifts to the Social Security Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and residual functional capacity.

*Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007). Because the Commissioner bears the burden of proof at Step Five, the Commissioner bears the burden of showing that substantial evidence of record establishes that Plaintiff can perform a level 3 reasoning job. That burden has not been met.

In fact, the evidence of record supports a contrary inference that Plaintiff cannot perform work that requires the capacity to follow detailed instructions. The state agency psychologists found that Plaintiff was "moderately limited" in his "ability to carry out detailed instructions." Tr. 91. The ALJ acknowledged these findings and found them persuasive:

> Mentally, [state agency reviewers] found the claimant able to understand, remember and execute two-step instructions and able to sustain concentration, persistence and pace for simple routine tasks. Under the B criteria, they found moderate limitation in concentration, persistence and maintaining pace. Mild limitations were assessed in all other domains (Exhibits C2A and C4A). In terms of supportability, the consultants examined the available medical records and cited supported evidence in their rationale… **The undersigned finds DDS opinions for light, unskilled work persuasive because it appears to be consistent with the overall medical evidence of record.**

Tr. 31.

Because the record contains clear evidence that Plaintiff cannot perform work that involves detailed instructions, and because the Commissioner has failed to offer any contrary evidence of record, the Court has no basis to conclude that substantial evidence of record supports the inference that Plaintiff can perform reasoning level 3 jobs.

The Commissioner next argues, in opposition, that, even if Plaintiff cannot perform level three reasoning jobs, one of the three jobs identified by the VE – "laundry worker" – requires reasoning level 2, which the DOT defines as having the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written oral instructions." DOT, App'x C: Components of the Definition Trailer, 1991 WL 688702. Again, the Commissioner has offered no evidence of record that Plaintiff can perform jobs involving detailed instructions, and the available evidence of record appears to support the inference that Plaintiff is moderately limited in this regard, as just discussed.

Thus, the record contains an apparent inconsistency between Plaintiff's purported limitations and the VE's findings. In particular, the ALJ found persuasive the opinions that Plaintiff was moderately limited in carrying out detailed instructions and capable of executing two-step instructions and performing simple, routine tasks, while the only reasoning level 2 occupation identified by the VE requires the ability to carry out "detailed but uninvolved" instructions. The requirements of *Zirnsak* have not been met: the Commissioner has failed to prove that the Step Five determination is supported by substantial evidence, and thus has failed to prove that that the claimant is capable of performing other jobs existing in significant numbers in the national economy.

The Court cannot conclude that the failure to meet the burden of proof at Step Five was harmless error. As *Zirnsak* explains, the presence of inconsistencies does not warrant remand as long as "substantial evidence exists in other portions of the record that can form an appropriate basis to support the result." 777 F.3d at 617. Here, Defendant has not identified substantial evidence establishing that Plaintiff retained the capacity to carry out the detailed instructions required by reasoning level 2 or 3 occupations despite the moderate limitations identified by the state agency psychologists, and further found persuasive by the ALJ. Defendant points to Plaintiff's prior work as a janitor, but cites no evidence of record that establishes that this particular job required Plaintiff to carry out detailed instructions, nor that Plaintiff was able to do so.

Accordingly, the Court cannot find that substantial evidence supports the ALJ's Step Five determination. The ALJ failed to resolve the apparent inconsistency in the first instance, and, upon review, the Court cannot find substantial evidence in the record to support the same. The Commissioner has failed to carry the burden of proof at Step Five and the Step Five determination

is not supported by substantial evidence. The Commissioner's decision will be vacated, and the case remanded for further administrative proceedings consistent with this Opinion.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **VACATED and REMANDED** for further administrative proceedings consistent with this Opinion.

An appropriate Order accompanies this Opinion.

*/s/ Stanley R. Chesler*
STANLEY R. CHESLER, U.S.D.J.

Dated: September 3, 2026